WILLIAMS *v.* MEAGHER.

SALES—TRANSFER OF TITLE—ACCEPTANCE—WHAT CONSTITUTES.

Defendants bought a set of tools of D., for which they paid him in full. The tools not proving satisfactory, they were returned and another set furnished, and the second set being unsatisfactory, defendants entered into correspondence with plaintiffs, who furnished the tools to D., and who agreed to take back the second set and furnish a third, which they did, crediting the second set to D. and charging the third set to defendants. *Held,* that though the first and second sets were received by defendants subject to acceptance, the shipping of them to plaintiffs was an acceptance and passed title to defendants which plaintiffs could not divest by crediting D. with their price.

Error to Huron; Beach, J. Submitted June 12, 1906. (Docket No. 83.) Decided October 1, 1906.

Assumpsit by Roger B. Williams against Edward Meagher, Jr., and Daniel Meagher, copartners as Meagher Bros., for goods sold and delivered. There was judgment for defendants, and plaintiff brings error. Affirmed.

*James H. Hall* (*W. F. Atkinson,* of counsel), for appellant.

*Bope & McNabb,* for appellees.

BLAIR, J. This cause was tried before the court without a jury. The circuit judge made the following findings:

" 1. Some time in 1902 defendant bought of one Duffield a well drilling machine and set of tools for which they paid Duffield in full.

" 2. The tools received with the machine were not satisfactory, and Duffield undertook to replace them and did with another set purchased of plaintiff from whom Duffield had purchased the machine and first set of tools.

" 3. The second set of tools were not the kind wanted, and correspondence was had between defendants and plaintiffs, and the second set of tools were returned, and a third set shipped to Meagher Bros. From the testimony it appears that the first set of tools were sold by plaintiff to Duffield as also the second set. Meagher Bros. understood that they were receiving tools the third time in exchange for second lot of tools which they proposed to return and did return and Williams Bros. must have so understood the correspondence. The second set were credited to Duffield but were received from Meagher Bros.

" Conclusions of Law: The title of first set of tools passed from Williams Bros. to Duffield and from Duffield to Meagher Bros. as also the title of the second set. When second set were returned Williams Bros. could not by crediting the same to Duffield change Meagher Bros.' ownership and if anything is due upon the last transaction it is the difference in price to Meagher Bros."

Plaintiff's counsel proposed amendments to the findings which were not allowed. The assignments of error are:

" 1. The court erred in finding that the first and second set of tools became the property of the defendants.

" 2. The court erred in finding that the third set of tools was sent in exchange for the first and second sets.

" 3. The court erred in finding that the plaintiff must have so understood the correspondence.

" 4. The court erred in his finding of law that the plaintiff could not recover.

" 5. The court erred in his refusal to amend the findings of fact as proposed by plaintiff's attorney."

Plaintiff's counsel contend in their brief that there is no testimony in the record to justify the court's findings of fact that title to the two sets of tools passed to defendants or that there was an agreement to trade the second set for the third. There was abundant evidence to support the court's finding that the second set of tools was shipped to plaintiff by defendants upon the mutual understanding that they were to be exchanged for the third set. Although prior to the shipment of the tools defendants had not accepted the tools as in compliance with Duffield's contract with them, the act of shipping them to plaintiff

constituted an acceptance, and vested the title in them so that when received by the plaintiff they were not the property of Duffield.

The judgment is affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.